IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HOMESTEAD HOSPITAL, INC., WEST KENDALL BAPTIST HOSPITAL, INC., BAPTIST HOSPITAL OF MIAMI, INC., SOUTH MIAMI HOSPITAL, INC., BHS AMBULATORY SURGERY CENTER AT BAPTIST, LTD. D/B/A MEDICAL ARTS SURGERY CENTER,

    Plaintiffs,

vs.

GROUP & PENSION ADMINISTRATORS, INC.,

    Defendant.

Case No.:_____

_____/

## COMPLAINT TO RECOVER UNDERPAID CLAIMS

Plaintiffs, Homestead Hospital, Inc. (the "Homestead Hospital"), West Kendall Baptist Hospital, Inc. ("West Kendall Hospital"), Baptist Hospital of Miami, Inc. ("Baptist Hospital"), South Miami Hospital, Inc. ("South Miami Hospital"), BHS Ambulatory Surgery Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center ("Medical Arts Center") [Homestead Hospital, West Kendall Hospital, Baptist Hospital, South Miami Hospital and Medical Arts Center, collectively, where appropriate, are referred to as the "Baptist Health Entities"], hereby sue Defendant, Group & Pension Administrators, Inc. ("Administrators"), and allege as follows:

### GENERAL ALLEGATIONS

*Nature of this Action*

1.     This is an action by health care providers to recover from a benefit plan administrator the fair market value of medical services rendered to benefit plan members. The plan

administrator did not negotiate in advance any rate discounts from the health care providers, meaning the benefit plan administrator is what is known in the industry as a "non-par" (short for "non-participating") payor. Because the plan administrator is non-par, the health care providers are entitled to the fair market value of their services not some arbitrarily reduced rates unilaterally set by the plan administrator. There is no issue as to the members' entitlement to coverage. All of the claims at issue were accepted by the plan administrator as covered claims and all were paid by the plan administrator, albeit at below market rates. The health care providers bring this action to recover the difference between the below market rates they have been paid and the fair market rates to which they are entitled. As such, this is an action over the *rate* of reimbursement not the *right* to reimbursement.

*Parties*

2. Homestead Hospital is a not-for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. West Kendall Hospital is a not-for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

4. Baptist Hospital is a not-for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

5. South Miami Hospital is a not-for-profit corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

6. Medical Arts Center is a not-for-profit corporation organized and existing under the

laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

7. Administrators is a for-profit corporation organized and existing under the laws of the State of Texas and is registered with the Florida Secretary of State to conduct business in Florida.

*Jurisdiction and Venue*

8. Administrators is engaged in substantial and not isolated activity within the State of Florida.

9. Administrators' substantial and not isolated activities within the State of Florida relate to or gave rise to the Baptist Health Entities' causes of action alleged herein and Administrators' contacts within the State of Florida are such that Administrators should reasonably anticipate being haled into court in Florida.

10. This Court has subject matter jurisdiction over this matter as the amount in controversy exceeds $15,000.00, exclusive of interest, costs and attorneys' fees.

11. Venue is properly laid in Miami-Dade County, Florida because the causes of action set forth herein accrued in Miami-Dade County, Florida.

*Relation of the Parties*

12. The Baptist Health Entities (known as "providers" in the industry) provide hospital-based, health care services to residents of Miami-Dade County and charge to patients and their health insurance companies (known as "payors" in the industry) the reasonable value of those services.

13. Administrators operate one or more benefit plans providing coverage to members of the plans for medical expenses incurred by the members and paying those benefits directly to providers such as the Baptist Health Entities.

14. All of the claims for medical services at issue in this action already have been adjudicated by Administrators and determined to be covered services.

15. At all material times, none of the Baptist Health Entities has or had any written participation agreement with Administrators, making Administrators a "non-par" payor.

16. Because Administrators is a non-par payor, the Baptist Health Entities have never agreed to be bound by Administrators' reimbursement policies or rate schedules.

17. Administrators provides identification cards to the members of its various health benefit plans. Those cards identify Administrators as the party responsible for paying providers for medical services provided to plan members. Administrators intends for members to provide their identification cards to providers and for providers to rely on those identification cards in rendering medical services to their members. The identification cards do not contain any limitations as to the amounts that will be reimbursed to providers by Administrators and do not disclaim Administrators' common law liability to providers to pay the reasonable value of services provided to members.

*The Partially Paid Claims*

18. On February 24, 2017, L.F.[1] received and Homestead Hospital provided medical services with a fair market value of $4,017. Homestead Hospital assigned to this account the following identifying number, 5548753. [Hereinafter, this patient visit and corresponding

---

[1] Initials have been substituted for the names of patients to protect patient identity.

account are referred to by the last four digits of this account number, the "8753 Visit" or "8753 Account"].

19. At the time of the 8753 Visit, L.F. was covered by one or more benefit plans being administered by Administrators. Homestead Hospital submitted a claim to Administrators for payment of the 8753 Account. Administrators accepted responsibility for paying the 8753 Account, applied a patient deductible or copay in the amount of $1,000 and then made a partial payment in the amount of $89.87, leaving an unpaid balance of $2,927.13.

20. On January 15, 2017, T.W. received and Homestead Hospital provided medical services with a fair market value of $35,565. Homestead Hospital assigned to this account the following identifying number, 455060. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "5060 Visit" or "5060 Account"].

21. At the time of the 5060 Visit, T.W. was covered by one or more benefit plans being administered by Administrators. Homestead Hospital submitted a claim to Administrators for payment of the 5060 Account. Administrators accepted responsibility for paying the 5060 Account, applied a patient deductible or copay in the amount of $1,000 and then made a partial payment in the amount of $9,798.57, leaving an unpaid balance of $26,766.43.

22. On November 19, 2016, T.M. received and Baptist Hospital provided medical services with a fair market value of $14,563. Baptist Hospital assigned to this account the following identifying number, 333035. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "3035 Visit" or "3035 Account"].

23. At the time of the 3035 Visit, T.M. was covered by one or more benefit plans being administered by Administrators. Baptist Hospital submitted a claim to Administrators for payment of the 3035 Account. Administrators accepted responsibility for paying the 3035 Account, applied a patient deductible or copay in the amount of $1,000 and then made a partial payment in the amount of $2,502.19, leaving an unpaid balance of $11,060.81.

24. On October 15, 2016, C.W. received and Homestead Hospital provided medical services with a fair market value of $6,044. Homestead Hospital assigned to this account the following identifying number, 278016. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "8016 Visit" or "8016 Account"].

25. At the time of the 8016 Visit, C.W. was covered by one or more benefit plans being administered by Administrators. Homestead Hospital submitted a claim to Administrators for payment of the 8016 Account. Administrators accepted responsibility for paying the 8016 Account, applied a patient deductible or copay in the amount of $1,000 and then made a partial payment in the amount of $405.16, leaving an unpaid balance of $4,638.84.

26. On December 2, 2016, D.W. received and Baptist Hospital provided medical services with a fair market value of $5,928. Baptist Hospital assigned to this account the following identifying number, 359752. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "9752 Visit" or "9752 Account"].

27. At the time of the 9752 Visit, D.W. was covered by one or more benefit plans being administered by Administrators. Baptist Hospital submitted a claim to Administrators for payment of the 9752 Account. Administrators accepted responsibility for paying the 9752

Account and made a partial payment in the amount of $970.33, leaving an unpaid balance of $4,957.67.

28. On August 3, 2016, W.M. received and Homestead Hospital provided medical services with a fair market value of $9,974. Homestead Hospital assigned to this account the following identifying number, 234937. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "4937 Visit" or "4937 Account"].

29. At the time of the 4937 Visit, W.M. was covered by one or more benefit plans being administered by Administrators. Homestead Hospital submitted a claim to Administrators for payment of the 4937 Account. Administrators accepted responsibility for paying the 4937 Account, applied a patient deductible or copay in the amount of $500 and then made a partial payment in the amount of $1,128.75, leaving an unpaid balance of $8,345.25.

30. On September 29, 2016 through October 2, 2016, B.M. received and South Miami Hospital provided medical services with a fair market value of $76,898. South Miami Hospital assigned to this account the following identifying number, 536454994. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "4994 Visit" or "4994 Account"].

31. At the time of the 4994 Visit, B.M. was covered by one or more benefit plans being administered by Administrators. South Miami Hospital submitted a claim to Administrators for payment of the 4994 Account. Administrators accepted responsibility for paying the 4994 Account and made a partial payment in the amount of $21,783.28, leaving an unpaid balance of $55,114.72.

32. On August 5, 2016 through August 9, 2016, M.C. received and West Kendall Hospital

provided medical services with a fair market value of $105,919. West Kendall Hospital assigned to this account the following identifying number, 203709902. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "9902 Visit" or "9902 Account"].

33. At the time of the 9902 Visit, M.C. was covered by one or more benefit plans being administered by Administrators. West Kendall Hospital submitted a claim to Administrators for payment of the 9902 Account. Administrators accepted responsibility for paying the 9902 Account and made a partial payment in the amount of $20,371.27, leaving an unpaid balance of $85,547.73.

34. On November 14, 2016, L.A. received and Medical Arts Center provided medical services with a fair market value of $28,816. Medical Arts Center assigned to this account the following identifying number, 43977073. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "7073 Visit" or "7073 Account"].

35. At the time of the 7073 Visit, L.A. was covered by one or more benefit plans being administered by Administrators. Medical Arts Center submitted a claim to Administrators for payment of the 7073 Account. Administrators accepted responsibility for paying the 7073 Account and made a partial payment in the amount of $3,699.26, leaving an unpaid balance of $24,191.92.

36. On August 4, 2016, W.M. received and South Miami Hospital provided medical services with a fair market value of $9,800. South Miami Hospital assigned to this account the following identifying number, 536500721. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "0721

Visit" or "0721 Account"].

37. At the time of the 0721 Visit, W.M. was covered by one or more benefit plans being administered by Administrators. South Miami Hospital submitted a claim to Administrators for payment of the 0721 Account. Administrators accepted responsibility for paying the 0721 Account and made a partial payment in the amount of $3,681.14, leaving an unpaid balance of $6,118.86.

38. On April 28, 2017 through May 6, 2017, R.A. received and Homestead Hospital provided medical services with a fair market value of $64,074. Homestead Hospital assigned to this account the following identifying number, 771761. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "1761 Visit" or "1761 Account"].

39. At the time of the 1761 Visit, R.A. was covered by one or more benefit plans being administered by Administrators. Homestead Hospital submitted a claim to Administrators for payment of the 1761 Account. Administrators accepted responsibility for paying the 1761 Account and made a partial payment in the amount of $18745.31, leaving an unpaid balance of $45,328.69.

40. On September 24, 2016 through September 29, 2016, E.M. received and Homestead Hospital provided medical services with a fair market value of $38,136. Homestead Hospital assigned to this account the following identifying number, 259400. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "9400 Visit" or "9400 Account"].

41. At the time of the 9400 Visit, E.M. was covered by one or more benefit plans being administered by Administrators. E.M. submitted a claim to Administrators for payment of the

9

9400 Account. Administrators accepted responsibility for paying the 9400 Account, applied a patient co-pay or deductible of $3,610.29 and made a partial payment in the amount of $8,058.46, leaving an unpaid balance of $26,467.25.

42. On February 4, 2017, T.M. received and South Miami Hospital provided medical services with a fair market value of $5,246. South Miami Hospital assigned to this account the following identifying number, 503475. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "3475 Visit" or "3475 Account"].

43. At the time of the 3475 Visit, T.M. was covered by one or more benefit plans being administered by Administrators. South Miami Hospital submitted a claim to Administrators for payment of the 3475 Account. Administrators accepted responsibility for paying the 3475 Account, applied a patient deductible or co-pay of $1,000 and made a partial payment in the amount of $731.93, leaving an unpaid balance of $3,514.07.

44. On October 28, 2016, C.L. received and South Miami Hospital provided medical services with a fair market value of $681. South Miami Hospital assigned to this account the following identifying number, 536801442. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "1442 Visit" or "1442 Account"].

45. At the time of the 1442 Visit, C.L. was covered by one or more benefit plans being administered by Administrators. South Miami Hospital submitted a claim to Administrators for payment of the 1442 Account. Administrators accepted responsibility for paying the 1442 Account, applied a $48 deductible or co-pay and made a partial payment in the amount of $191.97, leaving an unpaid balance of $441.03.

46. On November 4, 2016, F.L. received and South Miami Hospital provided medical services with a fair market value of $364. South Miami Hospital assigned to this account the following identifying number, 536853641. [Hereinafter, this patient visit and corresponding account are referred to by the last four digits of this account number, the "3641 Visit" or "3641 Account"].

47. At the time of the 3641 Visit, F.L. was covered by one or more benefit plans being administered by Administrators. South Miami Hospital submitted a claim to Administrators for payment of the 3641 Account. Administrators accepted responsibility for paying the 3641 Account, applied a deductible or co-pay of $36.29 and made a partial payment in the amount of $181.46, leaving an unpaid balance of $182.54.

48. Based on these partial payments, the Baptist Heath Entities have been left unpaid with respect to the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts as follows:

| *First* | *Last* | *Account #* | *Provider* | *DOS* | *Amount Due* |
|---|---|---|---|---|---|
| L. | F. | 5548753 | Homestead Hospital | 2/24/2017 | $2,927.13 |
| T. | W. | 455060 | Homestead Hospital | 1/15/2017 | $26,766.43 |
| C. | W. | 278016 | Homestead Hospital | 10/15/2016 | $4,638.84 |
| W. | M. | 234937 | Homestead Hospital | 8/3/2016 | $8,345.25 |
| R. | A. | 771761 | Homestead Hospital | 4/28/17-5/6/17 | $45,328.69 |
| E. | M. | 259400 | Homestead Hospital | 9/24/16-9/29/16 | $26,467.25 |
| | | | **Subtotal Homestead Hospital** | | **$114,473.59** |

| *First* | *Last* | *Account #* | *Provider* | *DOS* | *Amount Due* |
|---|---|---|---|---|---|
| W. | M. | 536500721 | South Miami Hospital | 8/4/2016 | $6,118.86 |
| B. | M. | 536454994 | South Miami Hospital | 9/29/2016 - 10/2/2016 | $55,114.72 |
| T. | M. | 503475 | South Miami Hospital | 2/4/2017 | $3,514.07 |
| C. | L. | 536801442 | South Miami Hospital | 10/28/2016 | $441.03 |
| F. | L. | 536853641 | South Miami Hospital | 11/4/2016 | $182.54 |
| | | | **Subtotal South Miami Hospital** | | **$65,371.22** |

| First | Last | Account # | Provider | DOS | Amount Due |
|---|---|---|---|---|---|
| T. | M. | 333035 | Baptist Hospital | 11/19/2016 | $11,060.81 |
| D. | W. | 359752 | Baptist Hospital | 12/2/2016 | $4,957.67 |
| | | | **Subtotal Baptist Hospital** | | **$16,018.48** |
| First | Last | Account # | Provider | DOS | Amount Due |
| M. | C. | 203709902 | West Kendall Hospital | 8/5/2016-8/9/2016 | $85,547.73 |
| | | | **Subtotal West Kendall Hospital** | | **$85,547.73** |
| First | Last | Account # | Provider | DOS | Amount Due |
| L. | A. | 43977073 | Medical Arts Center | 11/14/2016 | $24,191.92 |
| | | | Subtotal Medical Arts Center | | $24,191.92 |
| | | | **Grand Total** | | **$305,602.94** |

49.  All conditions precedent to this action have occurred, have been performed or waived or would be futile.

50.  The Baptist Health Entities have retained undersigned counsel to represent them in this action and are obligated to pay a reasonable fee therefor.

## COUNT I
### (Breach of Implied-In-Fact Contract)

51.  The Baptist Health Entities incorporate by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 50 above.

52.  At all material times, Administrators knew that it was a non-par payor with respect to the Baptist Health Entities and that the Baptist Health Entities were entitled to and expected to be paid the reasonable value of their services in the marketplace.

53.  At all material times, Administrators knew that it had not secured any agreement from the Baptist Health Entities to accept discounted rates from Administrators.

54. At all material times, Administrators knew, understood and authorized members of the benefit plans to seek and receive medical services from the Baptist Health Entities and accepted responsibility and impliedly agreed to pay the Baptist Health Entities the reasonable value of those services, including for the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

55. At all material times, Administrators provided identification cards to each of their members and those cards were presented to the Baptist Health Entities by the members at the time that medical services were provided to the members, including for the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts. Each of these cards indicated that Administrators would be responsible for paying for the medical services with the exception of listed copays or deductibles. None of these cards gave notice that Administrators would not pay the reasonable value of the services provided to the members.

56. Administrators further acknowledged its responsibility for payment and its approval of the Baptist Health Entities' rendering of professional services to the plan members by regularly and consistently paying the Baptist Health Entities for their services, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts, albeit at rates lower than what was owed.

57. Based on the facts set forth herein, Administrators impliedly agreed to pay the Baptist Health Entities the reasonable value in the marketplace of the health care services rendered to the plan members, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

58. At all material times, Administrators has regularly and consistently issued payment on the claims the Baptist Health Entities submitted for health care services rendered to plan members, albeit at rates less than the reasonable value of those services in the marketplace that Administrators impliedly agreed to pay, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

59. Administrators breached its agreement with each of the Baptist Health Entities by failing to pay the reasonable value of the health care services provided to plan members and, instead, paying a discounted amount based on Administrators' own unilaterally determined pricing policies to which the Baptist Health Entities never agreed, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

60. The Baptist Health Entities have been damaged by Administrators' breaches of its implied agreements to pay the Baptist Entities the reasonable value of the health care services provided to plan members with respect to the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

WHEREFORE, Plaintiffs, Homestead Hospital, Inc., West Kendall Baptist Hospital, Inc., Baptist Hospital of Miami, Inc., South Miami Hospital, Inc. and BHS Ambulatory Surgery Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center, demand judgment in their favor and against Defendant, Group & Pension Administrators, Inc., for the full amounts of their damages, along with an award of prejudgment interest, costs and attorneys' fees, pursuant to applicable law, and all other and such further relief as this Court deems appropriate under the circumstances.

## COUNT II
### (Unjust Enrichment/Breach of Implied-In-Law Contract)

61. The Baptist Health Entities incorporate by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 50 above.

62. The Baptist Entities conferred a direct benefit on Administrators by providing valuable medical services to members of the benefit plans with the authorization, knowledge, and/or approval of Administrators, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

63. Each of the medical services were covered by one or more of Administrators' plans, and the provision of medical services to the members directly benefited Administrators by fulfilling Administrations' duties to its members to provide for such medical services, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

64. In approving the Baptist Health Entities' provision of medical services to the members, Administrators was aware that the Baptist Health Entities expected to be paid by Administrators for those services at the reasonable value of those medical services in the marketplace under quantum meruit, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

65. Administrators' liability as the party responsible for payment to the Baptist Entities for services provided to the members of the plans administered by Administrators is established by Administrators' approval of the services and payment for the services, albeit at an amount less than what was owed, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

66. Administrators voluntarily accepted, retained and enjoyed the benefits conferred on it by the Baptist Health Entities, knowing that the Baptist Health Entities expected to be paid the reasonable value of their services, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

67. Administrators has failed to pay the Baptist Health Entities for the reasonable value of the benefits conferred on Administrators by the Baptist Health Entities. As a result, Administrators has withheld for itself monies that it should have paid to the Baptist Health Entities and has received an unjustified windfall, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

68. By underpaying the Baptist Health Entities, Administrators has been unjustly enriched. Under the circumstances, it is unjust and inequitable for Administrators to retain the benefits it has received without paying the value of those benefits to the Baptist Health Entities, including the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Accounts.

WHEREFORE, Plaintiffs, Homestead Hospital, Inc., West Kendall Baptist Hospital, Inc., Baptist Hospital of Miami, Inc., South Miami Hospital, Inc. and BHS Ambulatory Surgery Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center, demand judgment in their favor and against Defendant, Group & Pension Administrators, Inc., for the full amounts of their damages, along with an award of prejudgment interest, costs and attorneys' fees, pursuant to applicable law, and all other and such further relief as this Court deems appropriate under the circumstances.

## COUNT III
### (Promissory Estoppel)

69.     The Baptist Health Entities incorporate by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 50 above.

70.     The patients for the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Visits presented identification cards to the Baptist Health Entities, which cards had been provided to the patients by Administrators for the purpose of presenting same to providers in connection with the solicitation and receipt of medical services from providers.

71.     Administrators knew and intended for the identification cards to be provided to and relied on by providers, such as the Baptist Health Entities, in providing medical services to the members, including for the 0721, 1442, 1761, 3035, 3475, 3641, 4937, 4994, 5060, 7073, 8016, 8753, 9400, 9752 and 9902 Visits.

72.     The Baptist Health Entities provided medical services in reliance on the identification cards provided by Administrators which cards indicated that Administrators would be responsible to pay the claims and did not disclaim or indicate in any way that the Baptist Health Entities would not be paid the reasonable value of their services.

73.     The Baptist Health Entities detrimentally relied on the identification cards provided by Administrators by providing medical services without concomitantly seeking to obtain some sort of payment plan or other financial arrangement for the medical services, prior to discharge of the patients.

74.     Administrators should be estopped from now taking a position that they are not responsible to pay the reasonable value of the medical services provided to the members by the Baptist Health Entities.

17

WHEREFORE, Plaintiffs, Homestead Hospital, Inc., West Kendall Baptist Hospital, Inc., Baptist Hospital of Miami, Inc., South Miami Hospital, Inc. and BHS Ambulatory Surgery Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center, demand judgment in their favor and against Defendant, Group & Pension Administrators, Inc., for the full amounts of their damages, along with an award of prejudgment interest, costs and attorneys' fees, pursuant to applicable law, and all other and such further relief as this Court deems appropriate under the circumstances.

Respectfully submitted and dated this 22nd day of August, 2017,

ISICOFF, RAGATZ & KOENIGSBERG
601 Brickell Key Drive
Suite 750
Miami, Florida 33131
Tel.    (305) 373-3232
Fax    (305) 373-3233

By:    /s/Matthew L. Lines
        Eric D. Isicoff
        Florida Bar No. 372201
        isicoff@irlaw.com
        Matthew L. Lines
        Florida Bar No. 0243980
        lines@irlaw.com

*Attorneys for the Baptist Health Entities*