UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

    Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

    Defendant.
_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S
MOTION TO DISMISS PURSUANT TO F.R.C.P RULE 12(b)(6) AND
<u>MEMORANDUM OF LAW</u>**

    Defendant Group & Pension Administrators, Inc. ("Claims Administrator") hereby moves to dismiss this action, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, because the Complaint, and each claim for relief contained in it, is barred by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and leave to amend would be futile.

**MEMORANDUM OF LAW**

I.     **INTRODUCTION**

Plaintiffs, Homestead Hospital, Inc., West Kendall Baptist Hospital, Inc., Baptist Hospital of Miami, Inc., South Miami Hospital, Inc., BHS Ambulatory Surgery Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center (collectively, "Plaintiffs"), bring this action against Claims Administrator, a third-party administrator of claims for employee benefit welfare plans established in accord with ERISA. Plaintiffs seek additional payment in excess of each Plan's Allowable Claim Limits. As detailed in Plaintiffs' Complaint to Recover Underpaid Claims, Plaintiffs allege they rendered care to fourteen ERISA Plan members ("Patients") on fifteen separate occasions, and they received only partial payments and were left unpaid on each such occasion.

Plaintiffs bring three claims for relief against Claims Administrator, for breach of implied-in-fact contract, unjust enrichment/breach of implied-in-law contract and promissory estoppel. The Complaint, as pleaded, is barred by ERISA.  As a matter of law, because Plaintiffs failed to plead and cannot show that they had any agreement with Claims Administrator beyond the terms of the ERISA Plans, payment obligations are governed by each Plan document, and, therefore, by ERISA.  Plaintiffs' claims should be dismissed with prejudice.

II.    **FACTS**

   A.    **Claims Administrator**

At all relevant times, Defendant was the Claims Administrator for the Sunrise Community, Inc. Welfare Benefit Plan[1], the Celadon Group Inc. Medical and Prescription Drug Benefit Plan[2], the Marine Max, Inc. Welfare Benefit Plan[3], the Leitner-Poma of America, Inc. Employee Benefit

---

[1] Patients: LF, TW, CW, EM, WM, TM and DW.

[2] Patient: RA

[3] Patients: BM and MC

2

Plan[4] and the AIDS Healthcare Foundation Medical Plan[5]; all self-funded employee welfare benefit plans established in accord with ERISA. (Copies of the Plans are attached hereto as Exhibits 1 through 5, respectively)[6]. Each Plan's terms clearly provide that claims for hospital services will be paid at either the Medicare allowable rate plus 20% or the hospital's cost to provide the service plus 12%:

> The Allowable Claim Limit for charges by a Hospital Facility and for charges by Facilities which are owned and operated by a Hospital may be based upon 112% of the Hospital's most recent departmental cost ratio, reported to the Centers for Medicare and Medicaid Services ("CMS") and published in the American Hospital Directory as the "Medicare Cost Report" (the "CMS Cost Ratio"), or may be based upon the Medicare allowed amount for the services in the geographic region plus an additional 20%.

(Ex. 1, Sunrise Plan at p. 71; Ex. 2, Celadon Plan at p. 75; Ex. 3, Marine Max Plan at p. 68; Ex. 4, Leitner-Poma Plan at p. 70; Ex. 5, AHS Plan at p. 63). Plaintiffs have not alleged Claims Administrator violated this provision of the governing documents.

### B. Allegations of the Complaint

Plaintiffs allege Claims Administrator provided identification cards to Plan members (Patients) who presented them to Plaintiffs, that Plaintiffs provided medical treatment to the Patients and Claims Administrator paid Plaintiffs for their services. (*Id.* at ¶ 55-56; Plan ID Cards attached hereto as Exhibit 6). Plaintiffs contend the rates paid were lower than what was owed.

---

[4] Patients: CL and FL

[5] Patient: LA

[6] The Court may consider these Plan Documents and Plan ID Cards on a Rule 12(b)(6) motion without converting the motion into a summary judgment motion "if [the documents are] (1) central to the plaintiff's claim, and (2) … authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005)); see also *CDG Int'l Corp. v. Q Capital Strategies, LLC*, No. 17-23902-CIV-Altonaga/Goodman, 2018 WL 278891, * 1 (S.D. Fla. Jan. 1, 2018).

(Complaint at ¶ 56). Plaintiffs seek to recover what was left "unpaid" - 100% of their full billed charges - from Claims Administrator. (Complaint at ¶ 48).

### III. ARGUMENT

#### A. Standard on Motion to Dismiss

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). The Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A court is not required to "accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of well pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. While a court's determination of such plausibility is context-specific and requires the court to draw on its experience and common sense, there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*.

The Ninth Circuit addressed the post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

As discussed at length below, Plaintiffs do not and cannot state a claim for breach of

4

implied-in-fact-contract, unjust enrichment/breach of implied-in-law contract, and promissory estoppel against Claims Administrator and these state law claims are preempted by ERISA.

### C.     ERISA Preempts Plaintiffs' Claims

Ordinarily, state law claims are preempted by ERISA. *Williams v. Wright*, 927 F.2d 1540, 1549 (11th Cir. 1991) (citation omitted) (noting that section 514(a) of ERISA preempts "'any and all State laws insofar as they now or hereafter relate to any employee benefit plan' covered by ERISA"); *Cagle v. Bruner*, 921 F.Supp. 726, 735 (M.D. Fla. 1995), *aff'd*, 112 F.3d 1510 (11th Cir. 1997); 29 U.S.C. § 1144(a). State law claims "relate to" an employee benefit plan if they have a connection with or reference to such plan. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96–97 (1983). Common law tort and contract actions asserting improper processing of a claim for benefits under an employee benefit plan are preempted by ERISA. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987). State laws relate to an ERISA plan for purposes of preemption, "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). The Eleventh Circuit has also recognized

a federal common law doctrine under section 502(a)(1)(B) of ERISA for equitable or promissory estoppel. *Kane v. Aetna Life Ins.,* 893 F.2d 1283, 1285-86 (11th Cir. 1990); *Katz v. Comprehensive Plan of Group Ins.,* 197 F.3d 1084, 1090-91 (11th Cir. 1999). The 11th Circuit's approach to these claims is such that where claims are intertwined with an ERISA benefit plan, they are preempted. *Nachwalter v. Christie*, 805 F.2d 956, 959 (11th Cir. 1986) (estoppel claim preempted); *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.,* 57 F.3d 1040, 1042 n.2 (11th Cir. 1995) (promissory estoppel claim preempted).

1. **<u>Breach of Implied-In-Fact Contract</u>**

Plaintiffs baselessly contend Claims Administrator had knowledge that Plan members would seek treatment with Plaintiffs and accepted responsibility and impliedly agreed to pay Plaintiffs the reasonable value of those services. (Complaint at ¶ 54). In support of these recitations of the elements of the cause of action, Plaintiffs allege that because Claims Administrator provided Plan identification cards to Plan members and the members presented those identification cards to Plaintiffs, that this "[…] indicated that Administrators would be responsible for paying for the medical services with the exception of copays or deductibles" and "[n]one of the cards gave notice that Administrators would not pay … ." (*Id.* at ¶ 55; Plan ID Cards at Ex. 6). Plaintiffs further contend that the Claims Administrator "regularly and consistently paying" Plaintiffs at a "lower rate than what was owed" was Claims Administrator's implicit agreement to pay Plaintiffs what they billed, rather than what the Plans allowed. (Complaint at ¶ 56-57). Even these alleged facts, however, must be evaluated with common sense and in this case, they are incredible and do not plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 129 S. Ct. at 1950 (2009).

Despite the allegations, the Plan ID cards make no reference whatsoever to payment responsibility, co-payments or deductibles. (Plan ID Cards at Ex. 6). Further, the Claims Administrator's processing of claims consistently with the Plans' terms and in amounts lower than Plaintiffs' full billed charges is not an implication that Claims Administrator would pay Plaintiffs their full billed charges, it is overt evidence to the contrary. Most importantly, however, Plaintiffs never allege Claims Administrator stated it would pay Plaintiffs' full billed charges or any other amount; in fact, Plaintiffs admit there was no agreement between Plaintiffs and Claims Administrator as to the amount to be paid. (Complaint at ¶ 53).

In the absence of an agreement concerning the amount to be paid, Plaintiffs' claims are garden-variety ERISA claims for benefits. The gravamen of the breach of implied-in-fact contract cause of action is that Claims Administrator should have paid more for the services Plaintiffs provided to the Plans' participants. Plaintiffs' cause of action for breach of implied-in-fact contract is nothing more than a series of allegations that the Claims Administrator provided identification cards to Plan members who were eligible and covered by Plans, processed benefits authorized by the Plans, and denied payment of Plaintiffs' full billed charges because the billed charges exceeded the Plans' allowable claim limits. This is nothing more than an ERISA claim for benefits. As such, the Court should dismiss this cause of action because it is preempted.

### 2.    Unjust Enrichment/Breach of Implied-In-Law Contract

Plaintiffs allege Claims Administrator should pay full billed charges above what the ERISA Plans allow because Claims Administrator received a benefit by "fulfilling *Administrator's duties* to its members to provide for such medical services … ." (emphasis added) (Complaint at ¶ 63). To recover under an unjust enrichment theory, plaintiff must prove a lack of an adequate remedy at law, a benefit conferred upon the defendant by the plaintiff coupled with the defendant's appreciation of the benefit (*i.e.*, an "enrichment") and acceptance and retention of the benefit under circumstances that make it inequitable for him or her to do so without paying the value of it (*i.e.,* an "injustice"). *Challenge Air Transport, Inc. v. Transportes Aereos Nacionales, S.A.*, 520 So. 2d 323 (Fla. 3d DCA 1988).

Plaintiffs fail to adequately plead the elements necessary to state a claim for unjust enrichment/breach of implied-in-law contract, let alone set forth any facts in support. Further, Plaintiffs directly relate their claim for unjust enrichment/breach of implied-in-law contract to the Claims Administrator's alleged duties to its members under the Plan – a claim that falls squarely

within ERISA's preemption. *Williams v. Wright*, 927 F.2d 1540, 1549 (11th Cir. 1991). As such, for the same preemption reasons set forth above, Plaintiffs' claim for unjust enrichment/breach of implied-in-law contract likewise fails.

### 3. Promissory Estoppel

Plaintiffs allege that Claims Administrator owes it additional payment under a theory of promissory estoppel. This, too, is preempted by ERISA. Common law claims relating to employee benefit plans, like equitable estoppel, are preempted by ERISA. *See* 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In *Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir.1986), the Eleventh Circuit, noting that state common law claims such as promissory estoppel are preempted, held that there was no federal common law right to promissory estoppel under ERISA in cases involving oral amendments to or modifications of clear terms of employee benefit plans governed by ERISA, because ERISA specifically addresses these issues. A federal common law claim of equitable estoppel may lie when: "(a) the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect, and (b) representations are made to the employee involving an oral interpretation of the plan", however, Plaintiffs made no such allegations in this case. *Alday v. Container Corporation of America*, 958 F.Supp. 592 (11th Cir.1990) (citing *Pilot Life*, 481 U.S. at 54, 107 S.Ct. at 1557).

Plaintiffs also fail to state this claim for reasons independent of ERISA preemption. In *W.R. Grace & Co. v. Geodata Services, Inc.*, 547 So. 2d 919, 924 (Fla. 1989) (quoting Restatement (second) of Contracts § 90 (1979)), the Florida Supreme Court set forth the basic elements of promissory estoppel: A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or

forbearance is binding if injustice can be avoided only by enforcement of the promise. Where, as in here, there has been no promise of any kind made by Defendant to Plaintiff, including any promise to pay billed charges or any other specific amount, this claim fails as a matter of law.

> **D.     Plaintiffs Do Not State Any Valid Claim Under ERISA Because They Fail to Allege the Claims Administrator Violated Any Term or Provision in the Plan Documents**

Plaintiffs cannot state claim a under ERISA because the Plans' terms do not authorize additional payments. Benefits payable under an ERISA plan are limited to the benefits specified in the plan. *Clair v. Harris Trust & Savings Bank*, 190 F.3d 495, 497 (7th Cir. 1999) (holding that the plaintiffs' claim for an unspecified interest on late benefit payments is "inconsistent with the principle that benefits payable under an ERISA plan are limited to the benefits specified in the plan"). Therefore, a plaintiff who brings a claim must identify a specific plan term that confers the benefit in question. *Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005) aff'd, 471 F.3d 169 (D.C. Cir. 2006).  Here, Plaintiffs merely allege that they have been paid less than the amount they billed for.  Plaintiffs do not allege that the Plans' terms obligate the Claims Administrator to make additional payments, nor do Plaintiffs allege the Claims Administrator violated any Plan provision. Since Plaintiffs fail to allege any Plan term entitles them to the additional benefits they seek, Plaintiffs fail to state a claim for benefits under ERISA.

Moreover, any attempt by Plaintiffs to amend their Complaint would be futile. The Plans clearly limit the benefits payable for the hospital services rendered by Plaintiffs to Patients. (Ex. 1, Sunrise Plan at p. 71; Ex. 2, Celadon Plan at p. 75; Ex. 3, Marine Max Plan at p. 68; Ex. 4, Leitner-Poma Plan at p. 70; Ex. 5, AHS Plan at p. 63). The Plans only authorize payment of benefits up to the amount of the Allowable Claim Limit. *Id.*  The Plans specifically provide that the Allowable Claim Limit is not the hospital's billed charges, but an amount determined by

9

reference to industry standard metrics:

> The Allowable Claim Limit for charges by a Hospital Facility and for charges by Facilities which are owned and operated by a Hospital may be based upon 112% of the Hospital's most recent departmental cost ratio, reported to the Centers for Medicare and Medicaid Services ("CMS") and published in the American Hospital Directory as the "Medicare Cost Report" (the "CMS Cost Ratio"), or may be based upon the Medicare allowed amount for the services in the geographic region plus an additional 20%.

*Id.* Plaintiffs have not alleged - and cannot allege - Claims Administrator violated this Plan term related to the Allowable Claim Limit. Accordingly, Plaintiffs' action should be dismissed with prejudice.

### E.  **Plaintiffs Fail to Allege They Exhausted Administrative Remedies**

The 11th Circuit has made it clear, to recover benefits from an ERISA plan, a plaintiff "'must exhaust available administrative remedies … ." *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1328 (11th Cir. 2006) (quoting *Counts v. Am. Gen. Life & Acc. Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997)); *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217 (11th Cir. 2008).  The exhaustion requirement is excused, however, when resort to administrative remedies would have been futile or when the administrative remedies would have been inadequate. *Bickley,* 461 F.3d at 1328 (citing *Perrino v. So. Bell Telephone,* 209 F.3d at 209 F.3d 1309, 1315 (11th Cir. 2000)).

Plaintiffs generically allege "[a]ll conditions precedent to this action have occurred, have been performed or waived or would be futile." (Complaint at ¶ 49).  Plaintiffs do not allege that they engaged in any administrative remedies, let alone exhausted the administrative remedies available to them.  Here, the Plans provide for the following two-step appeal process following an Adverse Benefit Determination:

> The Claimant has one hundred eighty (180) days following an initial Adverse Benefit Determination to file an appeal of that determination, and sixty (60) days following a second Adverse Benefit Determination to file an appeal of that determination. The appeal process will provide the Claimant with a reasonable opportunity for a full and fair review of the Claim and Adverse Benefit Determination [...].

(Ex. 1, Sunrise Plan at p. 76; Ex. 2, Celadon Plan at p. 79; Ex. 3, Marine Max Plan at p. 73; Ex. 4, Leitner-Poma Plan at p. 79; Ex. 5, AHS Plan at p. 69). Pursuant to the Plans' appeal processes, the Claimant "will have the opportunity to submit written comments, documents, records, and other information relating to the Claim." (*Id.*) The first level of appeal "will be the responsibility of the Claims Administrator and will be decided within thirty (30) days of the Claims Administrator's receipt of the request." (*Id.* at 77; 80; 74; 80; 70) "The second level of appeal will be the responsibility of the [Designated Decision Maker] and will be decided within thirty (30) days of the Plan's receipt of the request." (*Id.*)

Plaintiffs allegation that conditions precedent have occurred, have been performed or waived or would be futile is conclusory and does not sufficiently satisfy the pleading requirements for exhaustion. (Complaint at ¶ 49). *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.,* 57 F.3d 1040, 1042 n.2 (11th Cir. 1995) (affirming the district court's finding that allegations that "all conditions precedent" have been met, or in the alternative that such "conditions have been waived or excused" do not sufficiently address the exhaustion requirement); *see also Sanctuary Surgical Centre, Inc. v. United Healthcare, Inc.,* No. 10-81589-CIV, 2011 WL 2134534, at *8 (S.D. Fla. May 27, 2011) (noting "plaintiffs must specify the action they took to exhaust their administrative remedies and the outcome of the action"); *Bickley,* 461 F.3d at 1330 (quoting *Springer v. Wal-Mart Assocs. Group Health Plan,* 908 F.2d 897, 901 (11th Cir. 1990)) ("'Bare allegations of futility are no substitute for the clear and positive showing of futility required before suspending the exhaustion requirement.'")

Because Plaintiffs failed to exhaust administrative remedies, and the time proscribed to do so under the Plans has lapsed, Plaintiff's claims must be dismissed with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, this action should be dismissed with prejudice.

Dated: April 24, 2018                                  Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL  33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By: /s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: kh@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which sends a notice of electronic filing to all counsel of record on the below service list.

By: */s/ Jezabel P. Lima*
JEZABEL P. LIMA

## SERVICE LIST

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

*Attorneys for Plaintiffs*