*EXHIBIT B*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF BHS AMBULATORY SURGERY CENTER AT**
**BAPTIST, LTD D/B/A MEDICAL ARTS SURGERY CENTER**

Pursuant to Fed. R. Civ. P. 33, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff BHS Ambulatory Surgery Center at Baptist Ltd. d/b/a

Medical Arts Surgery Center ("You," "Your," or "Hospital") answer the interrogatories set forth

herein separately, fully and under oath within thirty (30) days after the date of service of these

Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, BHS Ambulatory Surgery

Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center. To the extent BHS Ambulatory Surgery

Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center is comprised of multiple hospital

facilities but it maintains records for each individual facility, Plaintiff may respond to these

1

requests with respect to the individual facility or facilities at which the hospital goods and services at issue were provided.

B.      "Subject medical bills" means the bills for hospital goods and services underlying the bills at issue in this action and identified in Plaintiff's Complaint.

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

    1)  With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

    2)  With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

    3)  To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and

2

custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

3

## **INTERROGATORIES**

1.  Please identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and requests for admissions.

**Response:**

2.  Please identify each communication, oral or written, between Plaintiff and Defendant regarding Patients and the subject matter at issue in this case, including the identity of the individuals who communicated and the date the communication.

**Response:**

4

3. Please identify each communication, oral or written, between Plaintiff and Patient or on Patient's behalf, regarding the Hospital's charges for goods and services, bills, billing, financial matters and collections, including the identity of the individuals who communicated and the date the communication.

**Response:**

.

4. Please identify each alleged written, oral and implied contract between Plaintiff and Defendant, including the identity of the individuals who entered the alleged contract, the date the alleged contract was purportedly made, and all terms of the alleged contract.

**Response:**

5. Please identify any and all documentation the Hospital contends constitutes a contract with any person or entity to pay the subject medical bills, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contract.

**Response:**

6. Identify any statutes or regulations the Hospital contends apply to the Hospital's determination of its chargemaster rates.

**Response:**

6

7.   For each line item on the subject medical bills reflecting a tangible item, state: (1) the date each item was purchased by the Hospital; (2) the vendor from whom the item was purchased; (3) the price paid for the item; and (4) any way in which the Hospital increased the value of the item above the amount that Hospital paid to purchase the item.

**Response:**

8.   Please state the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**Response:**

7

9.   Please describe all ways in which the Hospital determines, tracks, records, or ascertains its costs to provide goods and services to patients.

**Response:**

10. Please state the amount the Hospital would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**Response:**

8

11. Please state the average amount paid to the Hospital for the goods and services listed on the subject medical bills during the relevant time period.

**Response:**

12. Please state the range of payments the Hospital accepted from contracted payors during the relevant time period for the goods and services on the subject medical bills.

**Response:**

13. Please describe all ways in which the Hospital determines, tracks, records, or ascertains the amounts paid to it by various payers for the goods and services provided by the Hospital.

**Response:**

14. Please state the percentage of accounts for which the Hospital collected 100% if its chargemaster rates during the relevant time period.

**Response:**

15. Please identify the persons involved in setting Hospital pricing and/or chargemaster rates.

**Response:**

16. Please explain all factors considered by the Hospital or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**Response:**

11

17. Please describe all factors relied upon by the Hospital to reach its conclusion that the amounts charged to Defendant(s) are equal to the reasonable value of the goods and services listed on the subject medical bills.

**Response:**

18. Please identify all individuals who are anticipated to offer testimony regarding the reasonable value of any of the goods and services on the subject medical bills.

**Response:**

19. If you contend that Defendant, or anyone on Defendant's behalf, has made to the Hospital

or to any other person or entity, any statement that the Hospital contends was an admission of

liability for any portion of the amounts sought in this lawsuit, or that the Hospital contends could

be construed in any way to support the Hospital's allegations, please identify all such statements.

**Response:**

20. If the Hospital, or any agent or representative of the Hospital, has obtained or is aware of

any written or recorded statement concerning any fact or issue in this case, please identify all such

statements.

**Response:**

13

21. Please state whether the Hospital has applied for or received a federal income tax exemption under 26 U.S.C. § 501(c)(3).

**Response:**

22. Please state the "amounts generally billed," as that term is used and defined by 26 U.S.C. § 501(r) and any implementing regulations or guidance, for each good and service listed on the subject medical bills.

**Response:**

14

23. Please identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by the Hospital to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this action.

**Response:**

24. Please identify each partner of BHS Ambulatory Surgery Center at Baptist, Ltd., providing as to each, their full legal name, address, and citizenship.

**Response:**

## <u>Verification</u>

I, _____, as _____ of BHS Ambulatory Surgery Center at Baptist Ltd. d/b/a Medical Arts Surgery Center, being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Defendant's First Set of Interrogatories to Plaintiff and that the answers are true and correct to the best of my knowledge and information.

_____

BHS Ambulatory Surgery Center at Baptist Ltd. d/b/a Medical Arts Surgery Center

STATE OF FLORIDA                    )
                                    ) SS:
COUNTY OF MIAMI-DADE                )

The foregoing instrument was executed before me this ____ day of ____ 2018, by_____, who is personally known to me or who has produced _____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Signature)

_____
(Type or Print Name)

My commission expires:

Dated: June 6, 2018                          Respectfully submitted,

                                             LEVINE KELLOGG LEHMAN SCHNEIDER +
                                             GROSSMAN LLP
                                             201 S. Biscayne Boulevard
                                             22nd Floor
                                             Miami, FL  33131
                                             Telephone: (305) 403-8788
                                             Facsimile: (305) 403-8789

                                             By:/s/ Jezabel P. Lima
                                             JEZABEL P. LIMA
                                             Florida Bar No. 519431
                                             Primary E-mail: jl@lklsg.com
                                             Secondary E-mail: ah@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 6, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF HOMESTEAD HOSPITAL, INC.**

Pursuant to Fed. R. Civ. P. 33, Defendant Group & Pension Administrators, Inc. ("GPA"
or "Defendant") requests that Plaintiff Homestead Hospital, Inc. ("You," "Your," or "Hospital")
answer the interrogatories set forth herein separately, fully and under oath within thirty (30) days
after the date of service of these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, Homestead Hospital, Inc. To
the extent Homestead Hospital, Inc. is comprised of multiple hospital facilities but it maintains
records for each individual facility, Plaintiff may respond to these requests with respect to the
individual facility or facilities at which the hospital goods and services at issue were provided.

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills
at issue in this action and identified in Plaintiff's Complaint.

1

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

        1)   With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

        2)   With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

        3)   To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian. Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

2

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

## INTERROGATORIES

1.  Please identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and requests for admissions.

**Response:**

2.  Please identify each communication, oral or written, between Plaintiff and Defendant regarding Patients and the subject matter at issue in this case, including the identity of the individuals who communicated and the date the communication.

**Response:**

4

3. Please identify each communication, oral or written, between Plaintiff and Patient or on Patient's behalf, regarding the Hospital's charges for goods and services, bills, billing, financial matters and collections, including the identity of the individuals who communicated and the date the communication.

**Response:**

4. Please identify each alleged written, oral and implied contract between Plaintiff and Defendant, including the identity of the individuals who entered the alleged contract, the date the alleged contract was purportedly made, and all terms of the alleged contract.

**Response:**

5

5.  Please identify any and all documentation the Hospital contends constitutes a contract with any person or entity to pay the subject medical bills, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contract.

**Response:**

6.  Identify any statutes or regulations the Hospital contends apply to the Hospital's determination of its chargemaster rates.

**Response:**

6

7.  For each line item on the subject medical bills reflecting a tangible item, state: (1) the date each item was purchased by the Hospital; (2) the vendor from whom the item was purchased; (3) the price paid for the item; and (4) any way in which the Hospital increased the value of the item above the amount that Hospital paid to purchase the item.

**Response:**

8.  Please state the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**Response:**

7

9.  Please describe all ways in which the Hospital determines, tracks, records, or ascertains its costs to provide goods and services to patients.

**Response:**

10. Please state the amount the Hospital would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**Response:**

8

11. Please state the average amount paid to the Hospital for the goods and services listed on the subject medical bills during the relevant time period.

**Response:**

12. Please state the range of payments the Hospital accepted from contracted payors during the relevant time period for the goods and services on the subject medical bills.

**Response:**

9

13. Please describe all ways in which the Hospital determines, tracks, records, or ascertains the amounts paid to it by various payers for the goods and services provided by the Hospital.

**Response:**

14. Please state the percentage of accounts for which the Hospital collected 100% if its chargemaster rates during the relevant time period.

**Response:**

10

15. Please identify the persons involved in setting Hospital pricing and/or chargemaster rates.

**Response:**

16. Please explain all factors considered by the Hospital or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**Response:**

11

17. Please describe all factors relied upon by the Hospital to reach its conclusion that the amounts charged to Defendant(s) are equal to the reasonable value of the goods and services listed on the subject medical bills.

**Response:**

18. Please identify all individuals who are anticipated to offer testimony regarding the reasonable value of any of the goods and services on the subject medical bills.

**Response:**

12

19. If you contend that Defendant, or anyone on Defendant's behalf, has made to the Hospital or to any other person or entity, any statement that the Hospital contends was an admission of liability for any portion of the amounts sought in this lawsuit, or that the Hospital contends could be construed in any way to support the Hospital's allegations, please identify all such statements.

**Response:**

20. If the Hospital, or any agent or representative of the Hospital, has obtained or is aware of any written or recorded statement concerning any fact or issue in this case, please identify all such statements.

**Response:**

13

21. Please state whether the Hospital has applied for or received a federal income tax exemption under 26 U.S.C. § 501(c)(3).

**Response:**

22. Please state the "amounts generally billed," as that term is used and defined by 26 U.S.C. § 501(r) and any implementing regulations or guidance, for each good and service listed on the subject medical bills.

**Response:**

14

23. Please identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by the Hospital to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this action.

**Response:**

## Verification

I, _____, as _____ of Homestead Hospital, Inc., being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Defendant's First Set of Interrogatories to Plaintiff and that the answers are true and correct to the best of my knowledge and information.

_____
Homestead Hospital, Inc.

STATE OF FLORIDA            )
                            ) SS:
COUNTY OF MIAMI-DADE        )

The foregoing instrument was executed before me this ____ day of _____ 2018, by_____, who is personally known to me or who has produced _____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Signature)

_____
(Type or Print Name)

My commission expires:

16

Dated: June 6, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 6, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

      Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

      Defendant.

_____ /

## DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF SOUTH MIAMI HOSPITAL, INC.

Pursuant to Fed. R. Civ. P. 33, Defendant Group & Pension Administrators, Inc. ("GPA" or "Defendant") requests that Plaintiff South Miami Hospital, Inc. ("You," "Your," or "Hospital") answer the interrogatories set forth herein separately, fully and under oath within thirty (30) days after the date of service of these Interrogatories:

## DEFINITIONS AND INSTRUCTIONS

A.      The terms "You," "Your," and "Hospital" mean the Plaintiff, South Miami Hospital, Inc. To the extent South Miami Hospital, Inc. is comprised of multiple hospital facilities but it maintains records for each individual facility, Plaintiff may respond to these requests with respect to the individual facility or facilities at which the hospital goods and services at issue were provided.

B.      "Subject medical bills" means the bills for hospital goods and services underlying the bills

1

at issue in this action and identified in Plaintiff's Complaint.

C.     "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.     "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.     "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.     "Identify" or "identity" means the following:

   1) With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

   2) With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

   3) To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.     "Communication" is a transmission from one person to another or in the presence of

2

another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

## **INTERROGATORIES**

1.  Please identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and requests for admissions.

**Response:**

2.  Please identify each communication, oral or written, between Plaintiff and Defendant regarding Patients and the subject matter at issue in this case, including the identity of the individuals who communicated and the date the communication.

**Response:**

4

3.   Please identify each communication, oral or written, between Plaintiff and Patient or on Patient's behalf, regarding the Hospital's charges for goods and services, bills, billing, financial matters and collections, including the identity of the individuals who communicated and the date the communication.

**Response:**

4.   Please identify each alleged written, oral and implied contract between Plaintiff and Defendant, including the identity of the individuals who entered the alleged contract, the date the alleged contract was purportedly made, and all terms of the alleged contract.

**Response:**

5.   Please identify any and all documentation the Hospital contends constitutes a contract with any person or entity to pay the subject medical bills, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contract.

**Response:**

6.   Identify any statutes or regulations the Hospital contends apply to the Hospital's determination of its chargemaster rates.

**Response:**

6

7.   For each line item on the subject medical bills reflecting a tangible item, state: (1) the date each item was purchased by the Hospital; (2) the vendor from whom the item was purchased; (3) the price paid for the item; and (4) any way in which the Hospital increased the value of the item above the amount that Hospital paid to purchase the item.

**Response:**

8.   Please state the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**Response:**

7

9.   Please describe all ways in which the Hospital determines, tracks, records, or ascertains its costs to provide goods and services to patients.

**Response:**

10. Please state the amount the Hospital would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**Response:**

11. Please state the average amount paid to the Hospital for the goods and services listed on the subject medical bills during the relevant time period.

**Response:**

12. Please state the range of payments the Hospital accepted from contracted payors during the relevant time period for the goods and services on the subject medical bills.

**Response:**

13. Please describe all ways in which the Hospital determines, tracks, records, or ascertains the amounts paid to it by various payers for the goods and services provided by the Hospital.

**Response:**

14. Please state the percentage of accounts for which the Hospital collected 100% if its chargemaster rates during the relevant time period.

**Response:**

10

15. Please identify the persons involved in setting Hospital pricing and/or chargemaster rates.

**Response:**

16. Please explain all factors considered by the Hospital or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**Response:**

11

17. Please describe all factors relied upon by the Hospital to reach its conclusion that the amounts charged to Defendant(s) are equal to the reasonable value of the goods and services listed on the subject medical bills.

**Response:**

18. Please identify all individuals who are anticipated to offer testimony regarding the reasonable value of any of the goods and services on the subject medical bills.

**Response:**

12

19. If you contend that Defendant, or anyone on Defendant's behalf, has made to the Hospital or to any other person or entity, any statement that the Hospital contends was an admission of liability for any portion of the amounts sought in this lawsuit, or that the Hospital contends could be construed in any way to support the Hospital's allegations, please identify all such statements.

**Response:**

20. If the Hospital, or any agent or representative of the Hospital, has obtained or is aware of any written or recorded statement concerning any fact or issue in this case, please identify all such statements.

**Response:**

21. Please state whether the Hospital has applied for or received a federal income tax exemption under 26 U.S.C. § 501(c)(3).

**Response:**

22. Please state the "amounts generally billed," as that term is used and defined by 26 U.S.C. § 501(r) and any implementing regulations or guidance, for each good and service listed on the subject medical bills.

**Response:**

14

23. Please identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by the Hospital to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this action.

**Response:**

<u>**Verification**</u>

I, _____, as _____ of South Miami Hospital, Inc., being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Defendant's First Set of Interrogatories to Plaintiff and that the answers are true and correct to the best of my knowledge and information.

_____

South Miami Hospital, Inc.

STATE OF FLORIDA                )
                                ) SS:
COUNTY OF MIAMI-DADE            )

The foregoing instrument was executed before me this ____ day of _____ 2018, by_____, who is personally known to me or who has produced _____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____

(Signature)

_____

(Type or Print Name)

My commission expires:

16

Dated: June 6, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL  33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 6, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.
_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF BAPTIST HOSPITAL OF MIAMI, INC.**

       Pursuant to Fed. R. Civ. P. 33, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff Baptist Hospital Of Miami, Inc. ("You," "Your," or

"Hospital") answer the interrogatories set forth herein separately, fully and under oath within thirty

(30) days after the date of service of these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, Baptist Hospital Of Miami,

Inc. To the extent Baptist Hospital of Miami, Inc. is comprised of multiple hospital facilities but it

maintains records for each individual facility, Plaintiff may respond to these requests with respect

to the individual facility or facilities at which the hospital goods and services at issue were

provided.

1

B.      "Subject medical bills" means the bills for hospital goods and services underlying the bills at issue in this action and identified in Plaintiff's Complaint.

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

        1)   With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

        2)   With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

        3)   To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

2

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

3

## **INTERROGATORIES**

1.  Please identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and requests for admissions.

**Response:**

2.  Please identify each communication, oral or written, between Plaintiff and Defendant regarding Patients and the subject matter at issue in this case, including the identity of the individuals who communicated and the date the communication.

**Response:**

4

3.  Please identify each communication, oral or written, between Plaintiff and Patient or on Patient's behalf, regarding the Hospital's charges for goods and services, bills, billing, financial matters and collections, including the identity of the individuals who communicated and the date the communication.

**Response:**

4.  Please identify each alleged written, oral and implied contract between Plaintiff and Defendant, including the identity of the individuals who entered the alleged contract, the date the alleged contract was purportedly made, and all terms of the alleged contract.

**Response:**

5.   Please identify any and all documentation the Hospital contends constitutes a contract with any person or entity to pay the subject medical bills, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contract.

**Response:**

6.   Identify any statutes or regulations the Hospital contends apply to the Hospital's determination of its chargemaster rates.

**Response:**

6

7.   For each line item on the subject medical bills reflecting a tangible item, state: (1) the date each item was purchased by the Hospital; (2) the vendor from whom the item was purchased; (3) the price paid for the item; and (4) any way in which the Hospital increased the value of the item above the amount that Hospital paid to purchase the item.

**Response:**

8.   Please state the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**Response:**

9.  Please describe all ways in which the Hospital determines, tracks, records, or ascertains its costs to provide goods and services to patients.

**Response:**

10. Please state the amount the Hospital would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**Response:**

8

11. Please state the average amount paid to the Hospital for the goods and services listed on the subject medical bills during the relevant time period.

**Response:**

12. Please state the range of payments the Hospital accepted from contracted payors during the relevant time period for the goods and services on the subject medical bills.

**Response:**

13. Please describe all ways in which the Hospital determines, tracks, records, or ascertains the amounts paid to it by various payers for the goods and services provided by the Hospital.

**Response:**

14. Please state the percentage of accounts for which the Hospital collected 100% if its chargemaster rates during the relevant time period.

**Response:**

10

15. Please identify the persons involved in setting Hospital pricing and/or chargemaster rates.

**Response:**

16. Please explain all factors considered by the Hospital or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**Response:**

11

17. Please describe all factors relied upon by the Hospital to reach its conclusion that the amounts charged to Defendant(s) are equal to the reasonable value of the goods and services listed on the subject medical bills.

**Response:**

18. Please identify all individuals who are anticipated to offer testimony regarding the reasonable value of any of the goods and services on the subject medical bills.

**Response:**

19. If you contend that Defendant, or anyone on Defendant's behalf, has made to the Hospital or to any other person or entity, any statement that the Hospital contends was an admission of liability for any portion of the amounts sought in this lawsuit, or that the Hospital contends could be construed in any way to support the Hospital's allegations, please identify all such statements.

**Response:**

20. If the Hospital, or any agent or representative of the Hospital, has obtained or is aware of any written or recorded statement concerning any fact or issue in this case, please identify all such statements.

**Response:**

21. Please state whether the Hospital has applied for or received a federal income tax exemption under 26 U.S.C. § 501(c)(3).

**Response:**

22. Please state the "amounts generally billed," as that term is used and defined by 26 U.S.C. § 501(r) and any implementing regulations or guidance, for each good and service listed on the subject medical bills.

**Response:**

14

23. Please identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by the Hospital to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this action.

**Response:**

15

## Verification

I, _____, as _____ of Baptist Hospital Of Miami, Inc., being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Defendant's First Set of Interrogatories to Plaintiff and that the answers are true and correct to the best of my knowledge and information.

_____
Baptist Hospital Of Miami, Inc.

STATE OF FLORIDA                )
                               ) SS:
COUNTY OF MIAMI-DADE           )

The foregoing instrument was executed before me this _____ day of _____ 2018, by_____, who is personally known to me or who has produced _____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____
(Signature)

_____
(Type or Print Name)

My commission expires:

16

Dated: June 6, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL  33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 6, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST SET OF**
**INTERROGATORIES TO PLAINTIFF WEST KENDALL BAPTIST HOSPITAL, INC.**

       Pursuant to Fed. R. Civ. P. 33, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff West Kendall Baptist Hospital, Inc. ("You," "Your," or

"Hospital") answer the interrogatories set forth herein separately, fully and under oath within thirty

(30) days after the date of service of these Interrogatories:

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, West Kendall Baptist

Hospital, Inc. To the extent West Kendall Baptist Hospital, Inc. is comprised of multiple hospital

facilities but it maintains records for each individual facility, Plaintiff may respond to these

requests with respect to the individual facility or facilities at which the hospital goods and services

at issue were provided.

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills

1

at issue in this action and identified in Plaintiff's Complaint.

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

       1)  With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

       2)  With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

       3)  To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of

another, whether written, oral, telephonic, electronic or by any other means.

H.     "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.     With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.     If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.     These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.     If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

3

## INTERROGATORIES

1.  Please identify all persons who supplied information and participated in answering these interrogatories, requests for production of documents, and requests for admissions.

**Response:**

2.  Please identify each communication, oral or written, between Plaintiff and Defendant regarding Patients and the subject matter at issue in this case, including the identity of the individuals who communicated and the date the communication.

**Response:**

4

3.   Please identify each communication, oral or written, between Plaintiff and Patient or on Patient's behalf, regarding the Hospital's charges for goods and services, bills, billing, financial matters and collections, including the identity of the individuals who communicated and the date the communication.

**Response:**

4.   Please identify each alleged written, oral and implied contract between Plaintiff and Defendant, including the identity of the individuals who entered the alleged contract, the date the alleged contract was purportedly made, and all terms of the alleged contract.

**Response:**

5

5.  Please identify any and all documentation the Hospital contends constitutes a contract with any person or entity to pay the subject medical bills, including all documents incorporated in, integrated into, referenced by, otherwise made part of, or necessary to interpret such alleged contract.

**Response:**

6.  Identify any statutes or regulations the Hospital contends apply to the Hospital's determination of its chargemaster rates.

**Response:**

7.  For each line item on the subject medical bills reflecting a tangible item, state: (1) the date each item was purchased by the Hospital; (2) the vendor from whom the item was purchased; (3) the price paid for the item; and (4) any way in which the Hospital increased the value of the item above the amount that Hospital paid to purchase the item.

**Response:**

8.  Please state the Hospital's cost to provide the goods and/or services listed on the subject medical bills.

**Response:**

9.   Please describe all ways in which the Hospital determines, tracks, records, or ascertains its costs to provide goods and services to patients.

**Response:**

10. Please state the amount the Hospital would have accepted from Medicare for the goods and services listed on the subject medical bills if those goods and services were provided to a Medicare beneficiary during the relevant time period.

**Response:**

8

11. Please state the average amount paid to the Hospital for the goods and services listed on the subject medical bills during the relevant time period.

**Response:**

.

12. Please state the range of payments the Hospital accepted from contracted payors during the relevant time period for the goods and services on the subject medical bills.

**Response:**

9

13. Please describe all ways in which the Hospital determines, tracks, records, or ascertains the amounts paid to it by various payers for the goods and services provided by the Hospital.

**Response:**

14. Please state the percentage of accounts for which the Hospital collected 100% if its chargemaster rates during the relevant time period.

**Response:**

15. Please identify the persons involved in setting Hospital pricing and/or chargemaster rates.

**Response:**

16. Please explain all factors considered by the Hospital or its agents when establishing chargemaster rates, including any applicable policies or procedures.

**Response:**

11

17. Please describe all factors relied upon by the Hospital to reach its conclusion that the amounts charged to Defendant(s) are equal to the reasonable value of the goods and services listed on the subject medical bills.

**Response:**

18. Please identify all individuals who are anticipated to offer testimony regarding the reasonable value of any of the goods and services on the subject medical bills.

**Response:**

19. If you contend that Defendant, or anyone on Defendant's behalf, has made to the Hospital or to any other person or entity, any statement that the Hospital contends was an admission of liability for any portion of the amounts sought in this lawsuit, or that the Hospital contends could be construed in any way to support the Hospital's allegations, please identify all such statements.

**Response:**

20. If the Hospital, or any agent or representative of the Hospital, has obtained or is aware of any written or recorded statement concerning any fact or issue in this case, please identify all such statements.

**Response:**

13

21. Please state whether the Hospital has applied for or received a federal income tax exemption under 26 U.S.C. § 501(c)(3).

**Response:**

22. Please state the "amounts generally billed," as that term is used and defined by 26 U.S.C. § 501(r) and any implementing regulations or guidance, for each good and service listed on the subject medical bills.

**Response:**

14

23. Please identify all persons not identified elsewhere in the answers to these interrogatories whom are known or believed by the Hospital to have any knowledge or information which is relevant, directly or indirectly, to the claims or defenses at issue in this action.

**Response:**

## Verification

     I, _____, as _____ of West Kendall Baptist Hospital, Inc., being first duly sworn in accordance with law, do hereby depose and state that I have read the answers to Defendant's First Set of Interrogatories to Plaintiff and that the answers are true and correct to the best of my knowledge and information.

_____

West Kendall Baptist Hospital, Inc.

STATE OF FLORIDA          )
                         ) SS:
COUNTY OF MIAMI-DADE    )

     The foregoing instrument was executed before me this ____ day of _____ 2018, by_____, who is personally known to me or who has produced _____ as identification and who did take an oath.

NOTARY PUBLIC, STATE OF FLORIDA

_____

(Signature)

_____

(Type or Print Name)

My commission expires:

16

Dated: June 6, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL  33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

17

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 6, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs