*EXHIBIT A*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

      Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

      Defendant.

_____ /

### DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTFF BAPTIST HOSPITAL OF MIAMI, INC.

      Pursuant to Fed. R. Civ. P. 34, Defendant Group & Pension Administrators, Inc. ("GPA" or "Defendant") requests that Plaintiff Baptist Hospital Of Miami, Inc. ("You," "Your," or "Hospital") produce to undersigned counsel the following documents within thirty (30) days after the date of service of this Request.

### DEFINITIONS AND INSTRUCTIONS

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, Baptist Hospital Of Miami, Inc. To the extent Baptist Hospital of Miami, Inc. is comprised of multiple hospital facilities but it maintains records for each individual facility, Plaintiff may respond to these requests with respect to the individual facility or facilities at which the hospital goods and services at issue were provided.

1

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills at issue in this action and identified in Plaintiff's Complaint.

C.     "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.     "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.     "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.     "Identify" or "identity" means the following:

1)   With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

2)   With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

3)   To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

<u>**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**</u>

Please produce the following:

1.      A complete and certified copy of all medical records for goods and services provided to Patient, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory reports, radiology reports, nursing records, prescriptions, correspondence, phone messages,

3

medication lists, medication administration records, billing records, any documents utilized for providing care to Patient, and any records received from any medical provider, hospital, out-patient treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

2. A complete, itemized, un-redacted bill from the Hospital for all goods and services provided to Patient that forms the basis of the subject medical bills.

3. All account notes, records, statements, or other documents reflecting information related to goods or services provided to Patient, the Hospital's billing and collection efforts related to the subject medical bills, and Defendant's purported obligation to pay for such goods or services.

4. Any and all documentation reflecting or documenting any alleged written, oral or implied contracts.

5. All invoices reflecting the purchase by the Hospital of each tangible item listed on the subject medical bills for which the Hospital contends Defendant is responsible to pay.

6. Any and all documentation reflecting the Hospital's policies for establishing gross charges or chargemaster rates for goods and services during the relevant time.

7. The chargemaster(s) for the facility applicable on the dates of service for the medical care at issue in this case.

8. All documents reflecting the amount that other area hospitals charge and/or accept for providing the same or similar goods and services as those listed on the subject medical bills.

9. All documents reflecting the Hospital's actual cost to provide the goods and services listed on the subject medical bills.

10. All documents reflecting the amounts that the Hospital actually accepts or receives from other patients or payers when it provides the same or similar goods and services as those listed on

4

the subject medical bills.

11. A complete copy of all tax documents filed by Hospital for time periods encompassed within the relevant time period.

12. A complete copy of all Medicare cost reports filed with the federal government by Hospital for time periods encompassed within the relevant time period.

13. A complete copy of the Hospital's audited financial statements for time periods encompassed within the relevant time period.

14. All budget sheets, financial statements, and other indicia of the Hospital's financial performance during the relevant time period.

15. All written or recorded statements concerning any fact or issue in this case.

16. Any and all documents reflecting the Hospital's financial assistance policy.

17. All documents referenced, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

Dated: June 5, 2018                    Respectfully submitted,

                                       LEVINE KELLOGG LEHMAN SCHNEIDER +
                                       GROSSMAN LLP
                                       201 S. Biscayne Boulevard
                                       22nd Floor
                                       Miami, FL 33131
                                       Telephone: (305) 403-8788
                                       Facsimile: (305) 403-8789

                                       By:/s/ Jezabel P. Lima
                                       JEZABEL P. LIMA
                                       Florida Bar No. 519431
                                       Primary E-mail: jl@lklsg.com
                                       Secondary E-mail: ah@lklsg.com

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 5, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

        Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

        Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST REQUEST FOR
PRODUCTION TO PLAINTFF HOMESTEAD HOSPITAL, INC.**

        Pursuant to Fed. R. Civ. P. 34, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff Homestead Hospital, Inc. ("You," "Your," or "Hospital")

produce to undersigned counsel the following documents within thirty (30) days after the date of

service of this Request.

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, Homestead Hospital, Inc. To

the extent Homestead Hospital, Inc. is comprised of multiple hospital facilities but it maintains

records for each individual facility, Plaintiff may respond to these requests with respect to the

individual facility or facilities at which the hospital goods and services at issue were provided.

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills

at issue in this action and identified in Plaintiff's Complaint.

1

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

    1)  With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

    2)  With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

    3)  To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian. Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following:

1.  A complete and certified copy of all medical records for goods and services provided to Patient, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory reports, radiology reports, nursing records, prescriptions, correspondence, phone messages, medication lists, medication administration records, billing records, any documents utilized for providing care to Patient, and any records received from any medical provider, hospital, out-patient

3

treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

2.  A complete, itemized, un-redacted bill from the Hospital for all goods and services provided to Patient that forms the basis of the subject medical bills.

3.  All account notes, records, statements, or other documents reflecting information related to goods or services provided to Patient, the Hospital's billing and collection efforts related to the subject medical bills, and Defendant's purported obligation to pay for such goods or services.

4.  Any and all documentation reflecting or documenting any alleged written, oral or implied contracts.

5.  All invoices reflecting the purchase by the Hospital of each tangible item listed on the subject medical bills for which the Hospital contends Defendant is responsible to pay.

6.  Any and all documentation reflecting the Hospital's policies for establishing gross charges or chargemaster rates for goods and services during the relevant time.

7.  The chargemaster(s) for the facility applicable on the dates of service for the medical care at issue in this case.

8.  All documents reflecting the amount that other area hospitals charge and/or accept for providing the same or similar goods and services as those listed on the subject medical bills.

9.  All documents reflecting the Hospital's actual cost to provide the goods and services listed on the subject medical bills.

10. All documents reflecting the amounts that the Hospital actually accepts or receives from other patients or payers when it provides the same or similar goods and services as those listed on the subject medical bills.

11. A complete copy of all tax documents filed by Hospital for time periods encompassed

4

within the relevant time period.

12. A complete copy of all Medicare cost reports filed with the federal government by Hospital for time periods encompassed within the relevant time period.

13. A complete copy of the Hospital's audited financial statements for time periods encompassed within the relevant time period.

14. All budget sheets, financial statements, and other indicia of the Hospital's financial performance during the relevant time period.

15. All written or recorded statements concerning any fact or issue in this case.

16. Any and all documents reflecting the Hospital's financial assistance policy.

17. All documents referenced, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

Dated: June 5, 2018                    Respectfully submitted,

                                       LEVINE KELLOGG LEHMAN SCHNEIDER +
                                       GROSSMAN LLP
                                       201 S. Biscayne Boulevard
                                       22nd Floor
                                       Miami, FL  33131
                                       Telephone: (305) 403-8788
                                       Facsimile: (305) 403-8789

                                       By:/s/ Jezabel P. Lima
                                       JEZABEL P. LIMA
                                       Florida Bar No. 519431
                                       Primary E-mail: jl@lklsg.com
                                       Secondary E-mail: ah@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 5, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

      Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

      Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST REQUEST FOR**
**PRODUCTION TO PLAINTFF WEST KENDALL BAPTIST HOSPITAL, INC.**

      Pursuant to Fed. R. Civ. P. 34, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff West Kendall Baptist Hospital, Inc. ("You," "Your," or

"Hospital") produce to undersigned counsel the following documents within thirty (30) days after

the date of service of this Request.

**DEFINITIONS AND INSTRUCTIONS**

A.    The terms "You," "Your," and "Hospital" mean the Plaintiff, West Kendall Baptist

Hospital, Inc. To the extent West Kendall Baptist Hospital, Inc. is comprised of multiple hospital

facilities but it maintains records for each individual facility, Plaintiff may respond to these

requests with respect to the individual facility or facilities at which the hospital goods and services

at issue were provided.

B.    "Subject medical bills" means the bills for hospital goods and services underlying the bills

1

at issue in this action and identified in Plaintiff's Complaint.

C.      "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.      "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.      "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.      "Identify" or "identity" means the following:

> 1) With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.
>
> 2) With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.
>
> 3) To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian. Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of

another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following:

1. A complete and certified copy of all medical records for goods and services provided to Patient, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory reports, radiology reports, nursing records, prescriptions, correspondence, phone messages, medication lists, medication administration records, billing records, any documents utilized for

3

providing care to Patient, and any records received from any medical provider, hospital, out-patient treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

2. A complete, itemized, un-redacted bill from the Hospital for all goods and services provided to Patient that forms the basis of the subject medical bills.

3. All account notes, records, statements, or other documents reflecting information related to goods or services provided to Patient, the Hospital's billing and collection efforts related to the subject medical bills, and Defendant's purported obligation to pay for such goods or services.

4. Any and all documentation reflecting or documenting any alleged written, oral or implied contracts.

5. All invoices reflecting the purchase by the Hospital of each tangible item listed on the subject medical bills for which the Hospital contends Defendant is responsible to pay.

6. Any and all documentation reflecting the Hospital's policies for establishing gross charges or chargemaster rates for goods and services during the relevant time.

7. The chargemaster(s) for the facility applicable on the dates of service for the medical care at issue in this case.

8. All documents reflecting the amount that other area hospitals charge and/or accept for providing the same or similar goods and services as those listed on the subject medical bills.

9. All documents reflecting the Hospital's actual cost to provide the goods and services listed on the subject medical bills.

10. All documents reflecting the amounts that the Hospital actually accepts or receives from other patients or payers when it provides the same or similar goods and services as those listed on the subject medical bills.

4

11. A complete copy of all tax documents filed by Hospital for time periods encompassed within the relevant time period.

12. A complete copy of all Medicare cost reports filed with the federal government by Hospital for time periods encompassed within the relevant time period.

13. A complete copy of the Hospital's audited financial statements for time periods encompassed within the relevant time period.

14. All budget sheets, financial statements, and other indicia of the Hospital's financial performance during the relevant time period.

15. All written or recorded statements concerning any fact or issue in this case.

16. Any and all documents reflecting the Hospital's financial assistance policy.

17. All documents referenced, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

Dated: June 5, 2018                    Respectfully submitted,

                                       LEVINE KELLOGG LEHMAN SCHNEIDER +
                                       GROSSMAN LLP
                                       201 S. Biscayne Boulevard
                                       22nd Floor
                                       Miami, FL  33131
                                       Telephone: (305) 403-8788
                                       Facsimile: (305) 403-8789

                                       By:/s/ Jezabel P. Lima
                                       JEZABEL P. LIMA
                                       Florida Bar No. 519431
                                       Primary E-mail: jl@lklsg.com
                                       Secondary E-mail: ah@lklsg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 5, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

6

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION**

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST REQUEST FOR
PRODUCTION TO PLAINTIFF BHS AMBULATORY SURGERY CENTER AT
BAPTIST, LTD D/B/A MEDICAL ARTS SURGERY CENTER**

       Pursuant to Fed. R. Civ. P. 34, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff BHS Ambulatory Surgery Center at Baptist Ltd. d/b/a

Medical Arts Surgery Center ("You," "Your," or "Hospital") produce to undersigned counsel the

following documents within thirty (30) days after the date of service of this Request.

**DEFINITIONS AND INSTRUCTIONS**

A.    The terms "You," "Your," and "Hospital" mean the Plaintiff, BHS Ambulatory Surgery

Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center. To the extent BHS Ambulatory Surgery

Center at Baptist, Ltd. d/b/a Medical Arts Surgery Center is comprised of multiple hospital

facilities but it maintains records for each individual facility, Plaintiff may respond to these

requests with respect to the individual facility or facilities at which the hospital goods and services

1

at issue were provided.

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills at issue in this action and identified in Plaintiff's Complaint.

C.     "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.     "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.     "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.     "Identify" or "identity" means the following:

1)  With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

2)  With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

3)  To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in

2

Hospital's custody or possession.

G.      "Communication" is a transmission from one person to another or in the presence of another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

### REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following:

1. A complete and certified copy of all medical records for goods and services provided to Patient, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory

3

reports, radiology reports, nursing records, prescriptions, correspondence, phone messages, medication lists, medication administration records, billing records, any documents utilized for providing care to Patient, and any records received from any medical provider, hospital, out-patient treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

2. A complete, itemized, un-redacted bill from the Hospital for all goods and services provided to Patient that forms the basis of the subject medical bills.

3. All account notes, records, statements, or other documents reflecting information related to goods or services provided to Patient, the Hospital's billing and collection efforts related to the subject medical bills, and Defendant's purported obligation to pay for such goods or services.

4. Any and all documentation reflecting or documenting any alleged written, oral or implied contracts.

5. All invoices reflecting the purchase by the Hospital of each tangible item listed on the subject medical bills for which the Hospital contends Defendant is responsible to pay.

6. Any and all documentation reflecting the Hospital's policies for establishing gross charges or chargemaster rates for goods and services during the relevant time.

7. The chargemaster(s) for the facility applicable on the dates of service for the medical care at issue in this case.

8. All documents reflecting the amount that other area hospitals charge and/or accept for providing the same or similar goods and services as those listed on the subject medical bills.

9. All documents reflecting the Hospital's actual cost to provide the goods and services listed on the subject medical bills.

10. All documents reflecting the amounts that the Hospital actually accepts or receives from

4

other patients or payers when it provides the same or similar goods and services as those listed on the subject medical bills.

11. A complete copy of all tax documents filed by Hospital for time periods encompassed within the relevant time period.

12. A complete copy of all Medicare cost reports filed with the federal government by Hospital for time periods encompassed within the relevant time period.

13. A complete copy of the Hospital's audited financial statements for time periods encompassed within the relevant time period.

14. All budget sheets, financial statements, and other indicia of the Hospital's financial performance during the relevant time period.

15. All written or recorded statements concerning any fact or issue in this case.

16. Any and all documents reflecting the Hospital's financial assistance policy.

17. All documents referenced, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

Dated: June 5, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 5, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER,

       Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

       Defendant.

_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S FIRST REQUEST FOR
PRODUCTION TO PLAINTIFF SOUTH MIAMI HOSPITAL, INC.**

Pursuant to Fed. R. Civ. P. 34, Defendant Group & Pension Administrators, Inc. ("GPA"

or "Defendant") requests that Plaintiff South Miami Hospital, Inc. ("You," "Your," or "Hospital")

produce to undersigned counsel the following documents within thirty (30) days after the date of

service of this Request.

**DEFINITIONS AND INSTRUCTIONS**

A.     The terms "You," "Your," and "Hospital" mean the Plaintiff, South Miami Hospital, Inc.

To the extent South Miami Hospital, Inc. is comprised of multiple hospital facilities but it

maintains records for each individual facility, Plaintiff may respond to these requests with respect

to the individual facility or facilities at which the hospital goods and services at issue were

provided.

B.     "Subject medical bills" means the bills for hospital goods and services underlying the bills

1

at issue in this action and identified in Plaintiff's Complaint.

C.     "Patient" or "Patients" "Patient(s)" means the individual or individuals to whom goods and services were provided, resulting in the subject medical bills.

D.     "Relevant time period" means the 12-month period before and after the date the goods and services listed on the subject medical bills were provided.

E.     "Document" means any printed, typewritten or handwritten instrument of whatever character including information created and/or stored in electronic form and includes, without limitation, correspondence, email, memoranda, agreements, letters, hand or typewritten notes, computer printouts, computer tapes, computer discs, microfilm, microfiche, tape recordings, photographs, video tapes, motion pictures, plats, diagrams, surveys, voice tapes, recordings and any other items of similar nature, including originals and non-identical copies.

F.     "Identify" or "identity" means the following:

>     1)   With respect to a natural person, the person's full name, present employer, title, job description, business and home address and telephone numbers and his/her relationship to Hospital.

>     2)   With respect to a person other than a natural person, including any business entity, identify means to include the name, address, state of formation, type of legal entity and identity of a duly authorized representative.

>     3)   To identify a "document" means to state the document's title, date, author, addressees, recipients, subject matter and or general nature, present location and custodian.  Documents should be identified whether or not they are currently in Hospital's custody or possession.

G.     "Communication" is a transmission from one person to another or in the presence of

another, whether written, oral, telephonic, electronic or by any other means.

H.      "Person" and "You" means the plural as well as the singular and includes without limitation any natural person as well as any firm, corporation, unincorporated association, partnership or other form of legal entity unless the context clearly indicates otherwise.

I.      With regard to documents for which Hospital claims a privilege, please state the type of privilege claimed and its basis.

J.      If the answer to any Interrogatory is not made from personal knowledge, identify each person from whom or each document from which Hospital obtained the information contained in the answer to the interrogatory.

K.      These Interrogatories, Requests for Production and Requests for Admission are continuing. If Hospital's answer to any Interrogatory, Request for Production or Requests for Admission, changes or information or documents become available to Hospital after the time it responds to the request, Hospital is required to supplement its responses as soon as reasonably practicable.

L.      If Hospital cannot answer any of the Interrogatories or Requests for Production in full, please answer to the extent possible, specifying the reason for Hospital's inability to answer or respond the remainder, and stating what information or knowledge Hospital has and what information and knowledge Hospital does not have.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Please produce the following:

1. A complete and certified copy of all medical records for goods and services provided to Patient, including any and all hospital or office notes, charts, doctors' reports, orders, laboratory reports, radiology reports, nursing records, prescriptions, correspondence, phone messages, medication lists, medication administration records, billing records, any documents utilized for

providing care to Patient, and any records received from any medical provider, hospital, out-patient treatment center, healthcare facility or any medical records of any kind or nature whatsoever regarding the examination, treatment, and evaluations of Patient on the date of the treatment.

2. A complete, itemized, un-redacted bill from the Hospital for all goods and services provided to Patient that forms the basis of the subject medical bills.

3. All account notes, records, statements, or other documents reflecting information related to goods or services provided to Patient, the Hospital's billing and collection efforts related to the subject medical bills, and Defendant's purported obligation to pay for such goods or services.

4. Any and all documentation reflecting or documenting any alleged written, oral or implied contracts.

5. All invoices reflecting the purchase by the Hospital of each tangible item listed on the subject medical bills for which the Hospital contends Defendant is responsible to pay.

6. Any and all documentation reflecting the Hospital's policies for establishing gross charges or chargemaster rates for goods and services during the relevant time.

7. The chargemaster(s) for the facility applicable on the dates of service for the medical care at issue in this case.

8. All documents reflecting the amount that other area hospitals charge and/or accept for providing the same or similar goods and services as those listed on the subject medical bills.

9. All documents reflecting the Hospital's actual cost to provide the goods and services listed on the subject medical bills.

10. All documents reflecting the amounts that the Hospital actually accepts or receives from other patients or payers when it provides the same or similar goods and services as those listed on the subject medical bills.

4

11. A complete copy of all tax documents filed by Hospital for time periods encompassed within the relevant time period.

12. A complete copy of all Medicare cost reports filed with the federal government by Hospital for time periods encompassed within the relevant time period.

13. A complete copy of the Hospital's audited financial statements for time periods encompassed within the relevant time period.

14. All budget sheets, financial statements, and other indicia of the Hospital's financial performance during the relevant time period.

15. All written or recorded statements concerning any fact or issue in this case.

16. Any and all documents reflecting the Hospital's financial assistance policy.

17. All documents referenced, consulted, considered, or relied upon when responding to Defendant's Interrogatories and Requests for Admission.

Dated: June 5, 2018

Respectfully submitted,

LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor
Miami, FL 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic mail on June 5, 2018 on all counsel or parties of record on the Service List below.

By:/s/ Jezabel P. Lima
JEZABEL P. LIMA
Florida Bar No. 519431
Primary E-mail: jl@lklsg.com
Secondary E-mail: ah@lklsg.com

**SERVICE LIST**

ISICOFF, RAGATZ & KOENIGSBERG
Eric D. Isicoff
Florida Bar No. 372201
isicoff@irlaw.com
Matthew L. Lines
Florida Bar No. 0243980
lines@irlaw.com
601 Brickell Key Drive
Suite 750
Miami, FL 33131
Tel: 305-373-3232
Fax: 305-373-3233

Attorneys for Plaintiffs

6