UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER, DOCTORS
HOSPTIAL, INC. and BAPTIST SUGERY
AND ENDOSCOPY CENTERS, L.L.C.,

    Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

    Defendant.
_____ /

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
F.R.C.P RULE 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Group & Pension Administrators, Inc. ("GPA") hereby moves to dismiss Count I of Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)[1].

---

[1] Defendants are not moving to dismiss Counts II-IV of the Amended Complaint.  Therefore, pursuant to Fed. R. Civ. P. 6(b), Defendants respectfully request that the court grant an enlargement of time of 10 days from this Court's entry of an order regarding this motion to serve their answer to Counts II-IV.  Numerous courts have held that a motion to dismiss one count of a complaint enlarges the time for a defendant to answer the remaining counts of the

1

This motion is based on this Motion and Memorandum of Points and Authorities, Amended Complaint, and exhibit attached thereto and on such additional evidence and argument that Claims Administrator presents before or at a hearing of this motion.

## I.     INTRODUCTION

Plaintiff's Complaint alleged claims for Breach of Implied-In-Fact Contract, Unjust Enrichment/Breach of Implied-In-Law Contract, and Promissory Estoppel. [D.E. 1-1]. Plaintiff's Amended Complaint adds a claim for Breach of Contract. [D.E. 35]. GPA is a third-party administrator of claims for employee benefit welfare plans established in accord with the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA). Plaintiffs seek additional payment in excess of each Plan's Allowable Claim Limits.

## II.    PROCEDURAL BACKGROUND

On February 25, 2019, the Court held a hearing on Defendant's Motion to Dismiss Plaintiff's Complaint. During that hearing, Plaintiffs' counsel represented to the Court that *in the last 24 hours* Plaintiffs had come into possession of a written contract between the parties.[2] The

---

complaint.  *See, e.g., Pushko v. Klebener, Case No.* No. 3:05–cv–211–J–25HTS, 2005 WL 7460162, at *1 (M.D. Fla. 2005) (concluding that the filing of a motion to dismiss a portion of a complaint postpones equally the time for answering every part of the pleading). By extending Defendants' time to answer the remaining counts, this Court will avoid duplicative sets of pleadings that would be required if the motion to dismiss is denied.  *See Pushko*, 2005 WL 7460162, at *1.

[2] This is untrue. The same agreement attached to Plaintiffs' Amended Complaint [D.E. 35-1] was produced by Plaintiffs to Defendant on February 6, 2019, marked as "Baptist/Group Pension –

Court denied Defendant's Motion to Dismiss Without Prejudice and granted Plaintiffs' *ore tenus* Motion for Leave to Amend the Complaint. [D.E. 34]. Plaintiffs' Amended Complaint was filed on March 18, 2019, adding two additional Plaintiffs, a claim for breach of contract and nine additional patient account claims. [D.E. 35].

### III. CURRENTLY ALLEGED FACTS

As to Plaintiffs' Count I for breach of contract, Plaintiffs allege they had a Memorandum of Agreement ("MOA") with MultiPlan, Inc., pursuant to which MultiPlan agreed on behalf of its clients to pay and the Plaintiffs agreed to accept a certain discount from their full billed charges. [D.E. 35, ¶ 77]. Plaintiffs contend "at all times material hereto" GPA was identified as a "Client" of MultiPlan and thereby bound by the terms of the MOA resulting in a binding contract between GPA and Plaintiffs to pay the rates in the MOA. [*Id.*, ¶¶ 79, 80]. Plaintiffs attached a copy of the MOA to the Amended Complaint. [*Id.*, ¶ 78].

### III. ARGUMENT AND CITATION OF AUTHORITY

Setting aside Defendant's disagreement with the alleged facts pled, Plaintiffs do not state a claim for breach of contract and Plaintiffs fail to allege compliance with the conditions precedent set forth in the alleged contract. An adequately pled breach of contract action requires: (1) a valid contract; (2) a material breach; and (3) damages. *See Friedman v. New York Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008) citing *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So.2d 1048 (Fla. 4th DCA 2003); *Murciano v. Garcia,* 958 So. 2d 423, 423 (Fla. 3d DCA 2007) (referring to "material breach"); *see also Mettler, Inc. v. Ellen Tracy, Inc.,* 648 So. 2d 253 (Fla. 2d DCA 1994) (noting that offer, acceptance, consideration, a contract, breach of the contract

---

3295 to 3315". *See* Ex. A., attached hereto; D.E. 35-1.

and damages are to be pled to state a cause of action for breach of contract); *Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc.*, 181 So.2d 19, 20 (Fla. 3d DCA 1966) ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.").

Plaintiffs have not pled or produced any valid contract entered into between this Defendant and Plaintiffs or this Defendant and any other entity that exists to compensate Plaintiffs for the claims in this case. [D.E. 35, p. 17-18]. In reality, Plaintiffs have attached to their Amended Complaint an agreement between Plaintiffs and MultiPlan, Inc., a non-party, dated January 1, 2010. [D.E. 35-1]. An exhibit to that agreement dated "8/26/2009" lists "Group & Pension Administrators (GPA Holding, Inc.)", not Defendant "Group & Pension Administrators, Inc.", as a MultiPlan/PHCS client. [D.E. 35-1, p. 19]. The exhibit also states in pertinent part: "*This list is subject to change and is updated monthly.*" [*Id.,* p.18]. The effective date on the client list is "8/26/2009" - approximately seven (7) years prior to the first treatment date and claim at issue in this case and not for the time periods at issue in this lawsuit. [*Id.*] Plaintiffs attaching said agreement necessarily results in its incorporation into Plaintiffs' allegations. *See Fladell v. Palm Beach County Canvassing Bd.*, 772 So.2d 1240, 1242 (Fla. 2000) ("If an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss.").

Further, even if we assume applicability of the agreement to the claims in this case, Plaintiffs have failed to allege compliance with the conditions precedent set forth in that agreement. "A condition precedent is an act or event, other than a lapse of time, that must occur before a binding contract will arise. … A condition may be either a condition precedent to the formation of a contract or a condition precedent to performance under an existing contract."

*Mitchell v. DiMare,* 936 So.2d 1178, 1180 (Fla. 5th DCA 2006). Plaintiff has the burden to plead (and prove) its satisfaction of a condition precedent. *See Bankers Ins. Co. v. Macias*, 475 So.2d 1216 (Fla. 1985). Per *Section X, Dispute Resolution: General* of the Plaintiffs/MultiPlan Memorandum of Agreement, "[i]n the event that Hospital cannot resolve a dispute with a Client, or Hospital has a question or grievance regarding its rights or obligations under this Memorandum, Hospital shall either: (a) Call MPI's Service Operations Department; or (b) Provide MPI with written notice […]." [D.E. 35-1, p. 4]. The agreement goes on to outline subsequent dispute resolution obligations between the parties, time periods related thereto and that "[n]either party shall institute any legal action or proceeding" during said time periods. [*Id.*, p. 6]. Plaintiffs Amended Complaint does not allege Plaintiffs complied with these conditions.

### IV. CONCLUSION

Plaintiffs have not alleged a validly executed contract between Defendant and Plaintiffs for the requisite time periods at issue in this case and fail to allege any facts as to their compliance with the conditions precedent required in the purported contract voluntarily offered by Plaintiffs as proof of a contract. Because Plaintiffs fail to plead the requisite elements necessary for breach of contract and the alleged contract relied on and attached to their Amended Complaint vitiates Plaintiffs' claim for breach of contract, Plaintiffs' breach of contract claim should be dismissed with prejudice.

Dated: March 29, 2019

Respectfully submitted,

                                        FISHERBROYLES, LLP
945 East Paces Ferry Road, Suite 2000
Atlanta, GA 30326
Tel. and Fax: 404-400-4500
Amy.hoffman@fisherbroyles.com
Kris.alderman@fisherbroyles.com

By: /s/Amy M. Hoffman
Amy M. Hoffman
FL Bar No. 35928
Kristopher R. Alderman
GA Bar No. 179645
Appearing *Pro Hac Vice*

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor – Miami Center
Miami, Florida 33131
Tel.    (305) 722-8904
Fax    (305) 403-8789


By: /s/Jezabel P. Lima
Jezabel P. Lima
Florida Bar No. 519431
jl@lklsg.com

*Attorneys for Group & Pension Administrators, Inc.*

6