UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION

Case No. 1:18-cv-21618-DPG

HOMESTEAD HOSPITAL, INC., WEST
KENDALL BAPTIST HOSPITAL, INC.,
BAPTIST HOSPITAL OF MIAMI, INC.,
SOUTH MIAMI HOSPITAL, INC., BHS
AMBULATORY SURGERY CENTER AT
BAPTIST, LTD. D/B/A MEDICAL ARTS
SURGERY CENTER, DOCTORS
HOSPTIAL, INC. and BAPTIST SUGERY
AND ENDOSCOPY CENTERS, L.L.C.,

      Plaintiffs,

v.

GROUP & PENSION
ADMINISTRATORS, INC.,

      Defendant.
_____/

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC.'S
REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P RULE 12(b)(6)**

      Plaintiffs' Response does not address their failure to allege in their Amended Complaint an offer, acceptance, and consideration – all required to be pled to state a cause of action for breach of contract. *See Mettler, Inc. v. Ellen Tracy, Inc.,* 648 So. 2d 253 (Fla. 2d DCA 1994); *see also Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc.*, 181 So.2d 19, 20 (Fla. 3d DCA 1966) ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.").

      Further, despite the allegations that do exist in the Amended Complaint, Plaintiffs' MOA exhibit contradicts Plaintiffs' allegations, thereby negating them. [D.E. 35-1]. *See Fladell v. Palm Beach County Canvassing Bd.*, 772 So. 2d 1240, 1242 (Fla. 2000). Plaintiffs allege

1

Defendant is a party to the MOA, however, the 2009 MOA does not list Group & Pension Administrators, Inc. as a party (or client) and the MOA specifies the client list "*is updated monthly*." [D.E. 35-1, p.18-19]. As such, Plaintiffs' own evidence fails to show there was a valid contract between the parties for the time periods at issue in this case and, therefore, Plaintiffs claim for breach of written contract against GPA must be dismissed.

Plaintiffs further allege that despite the very specific investigation and dispute resolution procedures the MOA requires of Plaintiffs before filing suit, that generally pleading "[a]ll conditions precedent to this action have occurred, have been performed or waived or would be futile" satisfies the basic pleading requirement. [D.E. 35, ¶ 66]. On this point after further review, Defendant agrees Plaintiffs pleading meets the minimum requirements.[1] *See* Fed. R. Civ. P. Rule 9(c); *see also Jackson v. Seaboard Coast Line R.R.,* 678 F.2d 992, 1010 (11th Cir. 1982).

Plaintiffs have not alleged a validly executed contract between Defendant and Plaintiffs for the requisite time periods at issue in this case. Because Plaintiffs fail to plead the requisite elements necessary for breach of contract and the alleged contract relied on and attached to their

---

[1] Although Plaintiffs use the minimum necessary verbiage in their Amended Complaint, Defendants deny Plaintiffs have complied with the conditions precedent and would be remiss not stating that Plaintiffs' Response does not dispute their failure to comply with the conditions precedent. It is without question that Plaintiffs failure to comply (or undertake even a cursory investigation into the applicability of the MOA to the claims in this case) has and will result in unnecessary costs to GPA in continuing to defend this frivolous claim beyond the pleading stage.

Amended Complaint vitiates Plaintiffs' claim for breach of contract, Plaintiffs' breach of contract claim should be dismissed with prejudice.

Dated: April 19, 2019

Respectfully submitted,

FISHERBROYLES, LLP
945 East Paces Ferry Road, Suite 2000
Atlanta, GA 30326
Tel. and Fax: 404-400-4500
Amy.hoffman@fisherbroyles.com
Kris.alderman@fisherbroyles.com

By: /s/Amy M. Hoffman
Amy M. Hoffman
FL Bar No. 35928
Kristopher R. Alderman
GA Bar No. 179645
Appearing *Pro Hac Vice*

LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 S. Biscayne Boulevard
22nd Floor – Miami Center
Miami, Florida 33131
Tel.    (305) 722-8904
Fax    (305) 403-8789


By: /s/Jezabel P. Lima
Jezabel P. Lima
Florida Bar No. 519431
jl@lklsg.com

*Attorneys for Group & Pension Administrators, Inc.*